UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA             :
                                     :   **ORDER**
v.                                   :
                                     :   18 CR 585-01 (VB)
JOHN MCGUIGAN,                       :
                    Defendant.       :
--------------------------------------------------------------x

  The Court has received a letter dated February 4, 2024, from defendant McGuigan. (Doc. #139). Liberally construed, the letter makes two requests: (1) for a reduced sentence because, at sentencing, he was assessed 2 criminal history points for committing his offense while on probation[1]; and (2) for a "compassionate release," pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

  McGuigan's <u>first</u> request is DENIED because he is not eligible for a reduced sentence pursuant to the U.S. Sentencing Commission's recent amendment of the Sentencing Guidelines (Amendment 821). In relevant part, for defendants such as McGuigan, Amendment 821 retroactively amended Guidelines Section 4A1.1 by eliminating the 2 criminal history points a defendant would receive for committing the offense of conviction while under a criminal justice sentence, so long as the defendant otherwise had less than 7 criminal history points. As a result, in McGuigan's case, he would have 5 (rather than 7) criminal history points and would be in Criminal History Category III (rather than IV), such that his amended guideline range would be 97-121 months (rather than 110-137 months). However, McGuigan is not eligible for a reduced sentence because his original sentence was 84 months' imprisonment, which is less than the minimum of the amended guideline range of 97-121 months. <u>See</u> 18 U.S.C. 3582(c)(2); Guidelines § 1B1.10(b)(2)(A).

  McGuigan's <u>second</u> request is DENIED WITHOUT PREJUDICE. Section 3582(c)(1)(A)(i) authorizes the Court to reduce a term of imprisonment previously imposed for "extraordinary and compelling reasons." However, the statute contains an explicit exhaustion requirement that must be complied with <u>prior</u> to the filing of such a motion: "[T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction."

---

[1]  More specifically, McGuigan asks ""[i]f anything applies to me on behalf of the [two criminal] history points being added for being on probation can you please appoint me counsel or let me know how to personally file the motion."

1

McGuigan does not claim to have exhausted his administrative rights, and therefore the Court cannot consider his compassionate release motion. And the Court does not have the power to waive the exhaustion requirement. See United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021).

Accordingly, McGuigan's compassionate release motion is DENIED WITHOUT PREJUDICE to refiling after he demonstrates that the exhaustion requirement has been satisfied.

Chambers will mail a copy of this Order to defendant at the following address:

John McGuigan, Reg. No. 86061-054
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887

Dated: February 9, 2024
       White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge